NO. 07-09-0343-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 6, 2011
_____

SOUTH PLAINS LAMESA RAILROAD, LTD. AND LARRY
DALE WISENER,

Appellants

v.

THE KITTEN FAMILY LIVING TRUST,

Appellee
_____

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-529,345; HONORABLE WILLIAM C. SOWDER, JUDGE
_____

**Concurring Opinion**
_____

I concur in the disposition of this appeal by the majority but for a different reason.

This court determined, in the first appeal, that the Lease Agreement was "*not fully integrated into the Easement Agreement and the Easement Agreement merely modifie[d]* the Lease Agreement in *some* respects." *South Plains Lamesa Railroad, Ltd. v. The Kitten Family Living Trust,* No. 07-06-0209-CV, 2008 Tex. App. LEXIS 603 at *9 (Tex. App.–Amarillo Jan. 28, 2008, pet. denied) (emphasis added). And, since the Easement Agreement did not completely supersede the Lease or encompass the entire

agreement between the parties, we found the claim of merger inapplicable. *Id.* Then we noted that the inconsistent terms in the two agreements created ambiguities and remanded the cause for further proceedings.

At the subsequent trial, the court directed the jury to determine, via the first issue, whether the "Easement of February 17th, 1998, . . . was to be the *controlling* agreement of the parties . . . ." (Emphasis added). It answered "yes." In being asked that question, the jury, for all intent and purpose, was given the option to ignore our previous ruling. That is, it was given the option to assess whether the Easement superseded or otherwise supplanted the Lease when we already held that it did not. Consequently, the issue was improper for it should have focused on the resolution of ambiguities between the two documents, not on whether one document superseded or controlled the other.[1]

I also question the majority's reasoning in issue one to the extent that their opinion can be read as permitting the litigants to submit novation, merger or some like doctrine that effectively permits the jury to determine whether the Easement displaced the Lease *in toto.* Doing so not only implicitly contradicts what we held in our first opinion but also contradicts the undisputed conduct of the litigants themselves. Indeed, by the Trust continuing to pay rent per the Lease and the Railroad accepting it after the Easement was executed, no one can reasonably deduce that the parties intended for the latter to entirely supplant the former. Simply put, the actions of the parties resulted in the creation of two viable documents that are contradictory and, therefore, ambiguous in various aspects. The duty to help resolve those ambiguities via the derivation of the

---

[1]Such ambiguities, for example, could involve the duration of the lease or easement, the need to pay "rent," whether rent was payable as long as the easement existed, the number of wells that could be drilled or maintained, and the like. The parties' words and conduct once both documents were signed could be inferred from their intent.

parties' intent *viz* those particular ambiguous provisions fell upon the jury. The latter was denied opportunity to perform that task given the broad form submission of jury issue one.

Finally, it may be that something in our first opinion was inaccurate. Nonetheless, I opt not to overrule it by implication. All must either live by what we said until we expressly, overtly conclude that something we said was wrong. To leave the matter open to conjecture helps no one.


Brian Quinn
Chief Justice